UNITED STATES of America, Plaintiff—Appellee,

v.

Ademir HERNANDEZ–ARCIGA, Defendant—Appellant.

No. 10–30321.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 19, 2011.*

Filed Jan. 12, 2012.

Geoffrey A. Barrow, Jennifer Jane Martin, Kelly A. Zusman, Office of the U.S. Attorney, Portland, OR, for Plaintiff–Appellee.

James A. Glover, I, Esquire, Portland, OR, for Defendant–Appellant.

Before: GOODWIN, WALLACE, and McKEOWN, Circuit Judges.

MEMORANDUM **

Ademir Hernandez–Arciga was convicted of federal drug-related offenses, and he timely appeals his 300–month sentence on the ground that his Fifth and Sixth Amendment rights were violated by a sentence enhancement for a prior conviction under Cal. Health & Safety Code § 11352(a). We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a), and we affirm.

Hernandez–Arciga contends that *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000) and its progeny require a jury to find that his prior conviction constituted a "felony drug offense" pursuant to the enhancement statute, 21 U.S.C. § 841(b)(1)(A). This argument is foreclosed by *Almendarez–Torres v. United States,* 523 U.S. 224, 247, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998). *See United States v. Weiland,* 420 F.3d 1062, 1079 (9th Cir.2005).

To the extent Hernandez–Arciga argues that the evidence was insufficient to establish that his prior conviction constituted a felony drug offense under the enhancement statute, this argument also fails. We review de novo a district court's conclusion that a prior conviction qualifies for a sentencing enhancement. *United States v. Almazan–Becerra,* 537 F.3d 1094, 1097 (9th Cir.2008). The district court had sufficient documentation to establish that Hernandez–Arciga's prior conviction was a felony drug offense. *See Chuen Piu Kwong v. Holder,* 671 F.3d 872, 878–79, 2011 WL 6061513, at *4–5 (9th Cir.2011); *United States v. Snellenberger,* 548 F.3d 699, 701–02 (9th Cir.2008) (en banc).

**AFFIRMED.**

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.